UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 9:19-CV-80476-ROSENBERG/REINHART

DAVID M. CHASE,

   Plaintiff,

v.

BRUCE H. FOLZ and
JOHN A. NOBILE,

   Defendants.
_____/

## ORDER DENYING DEFENDANTS' RENEWED MOTION FOR CHANGE OF VENUE

This cause is before the Court on Defendants' Renewed Motion for Change of Venue [DE 12]. The Court has fully considered the Motion, Plaintiff's Response thereto [DE 16], and the record, and is otherwise fully advised in the premises. For the reasons set forth below, Defendants' Motion is **DENIED**.

Plaintiff filed this action for a partition sale of a vessel owned by the parties as partners and for conversion and an accounting of the partnership's income and expenditures. DE 1. Plaintiff alleges in the Complaint that, in or around April 2017, the parties entered into an oral agreement to form a partnership to acquire the vessel at issue, with each party owning 1/3 of the vessel and being responsible for 1/3 of the expenses for the vessel. Since that time, Defendants have incurred "extravagant and unnecessary expenses" for the vessel, have misappropriated partnership funds for themselves, and have refused to give Plaintiff a proper accounting of expenditures. In addition, Defendants forged Plaintiff's signature on two insurance checks paid on insurance claims related to the vessel. Plaintiff has sought to withdraw from the partnership and to sell his share of the vessel either to Defendants or to a third party, but Defendants have rejected his requests.

Plaintiff alleges in the Complaint that he is residing in Palm Beach County, Florida, and that Defendants are residing in Suffolk County, New York. Plaintiff further alleges that the vessel is regularly docked "in St. Augustine, Florida and other marine centers on Florida's eastern coast." Plaintiff brings this action under this Court's admiralty jurisdiction. Plaintiff avers that venue is proper in this District under 28 U.S.C. § 1391(b)(3) "because Defendants are subject to this Court's personal jurisdiction with respect to this action by virtue of Defendants' 'minimum contacts' with the State of Florida."

Defendants' filed their Renewed Motion for Change of Venue under Rule 12(b)(3), arguing that, under 28 U.S.C. § 1391, venue is improper in this District and that this action would appropriately be venued in the United States District Court for the Eastern District of New York. DE 12. Defendants contend that they are residents of Suffolk County, New York, and that a substantial part of the events or omissions giving rise to this action occurred in Suffolk County, as that is where the parties entered into the oral partnership agreement and where all subsequent discussions regarding the partnership agreement have occurred.

> Generally, a civil action may be brought in
>
> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). However, venue in an *in personam* admiralty action is proper in any court with personal jurisdiction over the defendant. *Am. Home Assurance Co. v. Glovegold, Ltd.*, 153 F.R.D. 695, 698 (M.D. Fla. 1994); *see also In re McDonnell-Douglas Corp.*, 647 F.2d 515, 516 (5th Cir. 1981)

(stating that "venue and personal jurisdiction analysis merge" in admiralty actions); *Imvenco PVBA Antwerp v. Maersk Line*, No. 91-1691-CV, 1992 WL 442695, at *2 (S.D. Fla. Oct. 19, 1992) (stating that "suits in admiralty have their own, relatively liberal venue rules"). "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

Defendants have not challenged Florida's personal jurisdiction over them. The allegation that Defendants own a vessel that regularly is docked in Florida indicates that they have minimum contacts with Florida that establish personal jurisdiction. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474-78 (1985).

In addition, Defendants have not moved for a transfer of venue under 28 U.S.C. § 1404. *See* 28 U.S.C.A. § 1404(a) ("For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."). The burden is on the party requesting a transfer of venue to show that a transfer is appropriate. *In re Ricoh Corp.*, 870 F.2d 570, 573 (11th Cir. 1989). Defendants have not made any argument that they can satisfy this burden.

Consequently, it is **ORDERED AND ADJUDGED**:

1. Defendants' Renewed Motion for Change of Venue [DE 12] is **DENIED**.
2. Defendants shall file an Answer to the Complaint by no later than **June 18, 2019**.

**DONE and ORDERED** in Chambers, West Palm Beach, Florida, this 11th day of June, 2019.

ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to Counsel of Record